1  Kenneth E. Lange (SBN: 74674)
   **KIMBALL, TIREY & ST. JOHN LLP**
2  7676 Hazard Center Drive, Suite 900-B
   San Diego, CA 92108
3  Telephone: 619.231.1422
   Facsimile: 619.234.7692
4  Email: kenneth.lange@kts-law.com

5  Attorneys for Shops at the Ridge, LLC,
   Terramar Retail Centers, LLC and
6  Alvin B. Chan, Inc.

7

8  *Counsel for other parties listed after the caption*

9

10                 UNITED STATE DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13 | NIKKI BROWN-BOOKER,              | Case No. 3:15-cv-02658-EDL

14 |         Plaintiff,
                                      | **STIPULATION FOR DISMISSAL AND FOR**
15 | vs.                              | **THE COURT TO RETAIN JURISDICTION;**
                                      | [PROPOSED] **ORDER THEREON**
16 | SAFEWAY, INC; ALVIN B. CHAN, INC.
   | INC.; PROPERTY DEVELOPMENT
17 | CENTERS, LLC; SHOPS AT THE RIDGE,
   | LLC; TERRAMAR RETAIL CENTERS,
18 | LLC; and DOES 1-10, Inclusive,

19 |         Defendants.

20

21

22 PAUL L. REIN. ESQ. (State Bar No. 43053)
   CELIA MCGUINNES, ESQ. (State Bar No. 159420)
23 CATHERINE CABALO, ESQ. (State Bar No. 248198)
   LAW OFFICES OF PAUL L. REIN
24 200 Lakeside Drive, Suite A
   Oakland. CA 94612
25 Telephone: (510) 832-5001
   Facsimile: (510) 832-4787
26 reinlawofficb@dol.com

27 Attorneys for Plaintiff
   NIKKI BROWN-BOOKER
28

Mark L. Eisenhut, (SBN 185039)
meisenhut@calljensen.com
Michael S. Orr, (SBN 196844)
msorr@calljensen.com
**CALL & JENSEN**
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendants
Safeway Inc. and Saturn Development LLC fka
Property Development Centers, LLC

# RECITALS

Plaintiff Nikki Brown-Booker, Defendant Shops at the Ridge, LLC, Defendant Terramar Retail Centers, LLC, Defendant Alvin B. Chan, Inc., Defendant Safeway, Inc., and Defendant Saturn Development LLC fka Property Development Centers, LLC, through their respective counsel, enter into this stipulation for dismissal and for the court to retain jurisdiction based on the following facts:

1. Plaintiff Nikki Brown-Booker filed a complaint in this matter on or about June 12, 2015 in which she alleged in general substance, that Defendants Safeway, Inc. and Alvin B. Chan, Inc. denied her civil rights and access to public facilities. Plaintiff alleged violations of both California and federal law. Plaintiff's complaint requested statutory, general and treble damages. Plaintiff's complaint also requests injunctive relief.

2. Plaintiff Nikki Brown-Booker filed an Amended Complaint on or about August 16, 2015. This Amended Complaint contained essentially the same allegations as her original complaint but it added Property Development Centers, Shops at the Ridge, LLC and Terramar Retail Centers, LLC as Defendants.

3. All Defendants answered Plaintiff's Amended Complaint in which they denied any liability to Plaintiff whether monetary or injunctive relief.

4. Plaintiff and Defendants, through counsel, began settlement discussions. A complete settlement of all Plaintiff's claims and all Defendants' defenses was documented in a "Consent Decree and Order for Injunctive Relief, Damages, Attorney Fees, Litigation Expenses, and Costs" ("Consent Decree"). By the time the Consent Decree was signed, Defendant Property Development Centers, LLC had changed its name to Saturn Development, LLC. The Order attached to the Consent Decree was signed by the Honorable Elizabeth D. Laporte, United States Magistrate Judge on February 5, 2016 thereby making the Consent Decree an order of this court.

5. Paragraphs 6 and 7 of the Consent Decree contain all the injunctive relief substantive requirements. Paragraph 6 states that Defendants Safeway, Inc., Saturn Development LLC and Alvin B. Chan, Inc. do not have any injunctive relief obligations. Therefore, Defendants Terramar Retail Centers, LLC and Shops at the Ridge are the only Defendants having injunctive relief obligations to Plaintiff.

6. Paragraph 7 of the Consent Decree states the scope and timing of the "corrective work" Terramar Retail Centers, LLC and Shops at the Ridge, LLC are required to accomplish. All of this corrective work has not been completed as of the filing of this Stipulation. Paragraph 14 of the Consent Decree states, in general substance, that the Court shall retain jurisdiction to enforce the Consent Decree for eighteen months after entry of the Consent Decree or until the injunctive relief is completed and all settlement payments are made, whichever occurs later. All settlement payments by Defendants to Plaintiff have been made. Accordingly, the parties in this matter are requesting the Court to dismiss this matter with prejudice but retain jurisdiction to enforce and interpret any injunctive relief issues in paragraphs 7 and 14 of the Consent Decree or any other provisions of the Consent Decree concerning injunctive relief.

KIMBALL, TIREY
& ST. JOHN
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:15-cv-02658-EDL

STIPULATION FOR DISMISSAL; COURT TO RETAIN JURISDICTION; [PROPOSED] ORDER THEREON

## STIPULATION

Based on the facts stated above, all parties in this matter, through their respective counsel, stipulate as follows:

1. All monetary obligations of Defendants to Plaintiff, as set forth in the Consent Decree, have been satisfied by the Defendants.

2. The injunctive relief which is the subject of the Consent Decree and this Order complies with Federal Rule of Civil Procedure 65(d). Pursuant to Federal Rule of Civil Procedure 65(d)(2), the "persons bound" by the injunctive relief provisions of the Consent Decree are Plaintiff Nikki Brown-Booker and Defendants Terramar Retail Centers, LLC and Shops at the Ridge, LLC.

3. Plaintiff's Amended Complaint shall be dismissed with prejudice.

4. The Court retains jurisdiction to enforce and interpret the injunctive relief provisions in the Consent Decree including, but not limited to, paragraphs 7 and 14 of the Consent Decree as to Plaintiff Nikki Brown-Booker and Defendants Terramar Retail Centers, LLC and Shops at the Ridge, LLC.

//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: __2/25__, 2016 | LAW OFFICES OF PAUL L. REIN |
| 2 | | |
| 3 | | *[signature: Paul L. Rein]* |
| | | By: PAUL L. REIN, ESQ. |
| 4 | | Attorneys for Plaintiff |
| | | NIKKI BROWN-BOOKER |
| 5 | | |
| 6 | | |
| 7 | Dated: February 29, 2016 | KIMBALL, TIREY & ST. JOHN LLP |
| 8 | | /s/ |
| 9 | | By: KENNETH E. LANGE, ESQ. |
| | | Attorneys for Defendants |
| 10 | | SHOPS AT THE RIDGE LLC, TERRAMAR |
| 11 | | RETAIL CENTERS, and ALVIN B. CHAN, INC. |
| 12 | Dated: February 26, 2016 | CALL & JENSEN |
| 13 | | |
| 14 | | /s/ |
| 15 | | By: MICAHEL ORR, ESQ. |
| | | Attorneys for Defendants |
| 16 | | SAFEWAY INC. and SATURN DEVELOPMENT |
| | | LLC, FKA PROPERTY DEVELOPMENT |
| 17 | | CENTERS, LLC |

## O R D E R

After reading the stipulation of the parties, and good cause appearing, this court orders as follows:

1. Plaintiff's Amended Complaint is dismissed with prejudice.

2. The Court retains jurisdiction to enforce and interpret the injunctive relief provisions in the Consent Decree including, but not limited to, paragraphs 7 and 14 of the Consent Decree as to Defendants Terramar Retail Centers, LLC and Shops at the Ridge, LLC.

3. All monetary obligations of Defendants to Plaintiff, as set forth in the Consent Decree, have been satisfied by the Defendants.

4. The injunctive relief which is the subject of the Consent Decree and this Order complies with Federal Rule of Civil Procedure 65(d). Pursuant to Federal Rule of Civil Procedure 65(d)(2), the "persons bound" by the injunctive relief provisions of the Consent Decree are Plaintiff Nikki Brown-Booker and Defendants Terramar Retail Centers, LLC and Shops at the Ridge, LLC.

**IT IS SO ORDERED.**

Dated: March 1, 2016

_____
Honorable Elizabeth D. Laporte
United States Magistrate Judge